UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

KHANYA MATLI, an infant by her mother ANASTASCIA MATLI, and ASSOCIATION OF INJURED CHILDREN OF SOUTH AFRICA a/k/a "AICOSA,"

:      Plaintiffs,

- against -

STRATEGIC MINERALS CORPORATION, a/k/a U.S. VANADIUM CORPORATION, a subsidiary of UNION CARBIDE COMPANY, and its/their subsidiary in South Africa known and/or operating as VAMETCO; UNION CARBIDE COMPANY, a subsidiary of The Dow Chemical Company; THE DOW CHEMICAL COMPANY; and its/their subsidiary in South Africa known and/or operating as THE DOW CHEMICAL COMPANY OF SOUTH AFRICA,

Defendants.
------------------------------------------------------- x

**MEMORANDUM OPINION AND ORDER**

04 Civ. 5555 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/04

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Plaintiffs, South African nationals and an "association . . . of infant and/or minor children of South Africa,"[1] brought this action alleging injuries

---

[1] Complaint ¶ 3.

caused by defendants' products while working at defendants' South African mines. Defendant Vametco Minerals Corporation ("Vametco") now moves to dismiss the claims against Vametco for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6), and to dismiss the complaint in its entirety on grounds of *forum non conveniens*.[2] For the following reasons, Vametco's motion is granted.

## I. THE COURT LACKS PERSONAL JURISDICTION OVER VAMETCO

It is plaintiffs' burden to show that the Court has jurisdiction over the defendants.[3] In order to defeat a jurisdictional challenge in the absence of discovery or an evidentiary hearing, a plaintiff must make a *prima facie* showing supporting the assertion of jurisdiction over a defendant.[4] Such a showing must be supported by factual allegations.[5] Plaintiffs have failed to meet this burden.[6]

---

[2] Vametco also moves to dismiss all claims by the Association of Injured Children of South Africa, asserting that the Association lacks standing. Given my conclusion that the entire complaint must be dismissed on grounds of *forum non conveniens*, I do not reach that issue.

[3] *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

[4] *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

[5] *See id.*

[6] On July 29, 2004, I instructed plaintiffs to respond to Vametco's motion, filed July 26, no later than September 10. Because plaintiffs have failed to respond in a timely fashion, I have considered only the allegations in the Complaint and Vametco's affidavits in support of its motion.

Personal jurisdiction in this case is determined, in the first instance, according to the law of New York.[7] It is undisputed that Vametco is a Delaware corporation, which has its principal place of business in South Africa, and has no offices, agents or property in New York.[8] Plaintiffs do not allege any facts showing that Vametco is present in or does business in New York.[9] Nor do plaintiffs allege that Vametco committed a tort in New York, or caused any injuries in New York;[10] the alleged torts and injuries all occured in South Africa. Because plaintiffs have failed to show any basis for jurisdiction over Vametco, the claims against Vametco are dismissed.

## II. THE COMPLAINT MUST BE DISMISSED ON THE GROUND OF *FORUM NON CONVENIENS*

The doctrine of *forum non conveniens* "does not come into play" unless the court has been shown to have jurisdiction.[11] Because the remaining

---

[7] *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir., 2001). Because plaintiffs fail to establish jurisdiction under New York's long-arm statute, there is no need to reach the question of whether the exercise of jurisdiction comports with due process. *See id.* at 208-09.

[8] *See* Affidavit of Johannes J. Everleigh, Managing Director of Vametco, in Support of Motion to Dismiss ¶ 1.

[9] *See* N.Y. C.P.L.R. § 301 (McKinney 2004).

[10] *See* N.Y. C.P.L.R. § 302 (McKinney 2004).

[11] *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 230 F. Supp. 2d 376, 386 (S.D.N.Y. 2002). If jurisdiction is lacking, "the action should be dismissed on that ground without reaching questions of *forum non conveniens*."

defendants have not contested jurisdiction,[12] I will turn to Vametco's *forum non conveniens* argument. In considering a motion to dismiss on forum non conveniens grounds, "'the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice.'"[13] To succeed on such a motion, a defendant must satisfy a two-prong test: it must show that (1) an adequate alternate forum exists; and (2) private and public interest factors weigh in favor of dismissal.[14]

Plaintiffs are South Africans, alleging injuries caused in South Africa, resulting from the operation of South African facilities. According to the undisputed affidavit of South African counsel, plaintiffs could institute proceedings in the South African courts against *all* defendants (*i.e.*, American

---

*Id.*

[12]    Defendants other than Vametco have not yet been served. However, at a hearing before the court on July 29, 2004, counsel for Strategic Minerals Corporation and U.S. Vanadium Corporation, now known as Stratcor, Inc. (who also represent Vametco) acknowledged that those defendants maintained facilities in New York and were likely subject to jurisdiction in New York on that basis. *See* Transcript of July 29, 2004 Proceeding ("Tr.") at 16-17.

[13]    *Massaquoi v. Virgin Atlantic Airways*, 945 F. Supp. 58, 60 (S.D.N.Y. 1996) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947)).

[14]    *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

companies) for these claims.[15] The first part of the test is therefore satisfied.

Under the second prong of the test, all relevant private interest factors weigh in favor of dismissal. All of the plaintiffs are residents of South Africa, a fact which severely limits any interest they may have in pursuing their claims in this forum.[16] Plaintiffs' claims are based exclusively on activities in South Africa, and the great majority of the relevant evidence is located there: consequently, trial in South Africa will be more "easy, expeditious and inexpensive" for all parties.[17]

The public interest factors similarly weigh in favor of dismissal. These "factors include (1) whether New York law or foreign law applies to the case; (2) the administrative burden on the Court; and (3) whether the community

---

[15] *See* Affidavit of Hylton Wilson Cochrane, South African counsel, in Support of Motion to Dismiss ("Cochrane Aff."). At the July 29, 2004 hearing, counsel for the plaintiffs asserted that South African courts "cannot exercise jurisdiction over a non-South African company." Tr. at 9. Plaintiffs have offered no support for this claim. Cochrane's well-supported affidavit - - which plaintiffs have failed to contest - - is to the contrary. While Cochrane's affidavit focuses on the ability of South African courts to exercise jurisdiction over Vametco, his explanation applies equally to the other defendants. Although the other defendants, unlike Vametco, do not have their principal place of business in South Africa, they would be subject to South African jurisdiction if, as plaintiffs allege, "the cause of action arises out of the external company's activities at the place [in South Africa] where it conducts business." Cochrane Aff. ¶ 6.

[16] *See Murray v. British Broad. Corp.*, 81 F.3d 287, 294-95 (2d Cir. 1996) ("Where a foreign plaintiff is concerned . . . its choice of forum is entitled to less deference.").

[17] *In re Ski Train*, 230 F. Supp. 2d at 388.

has any relation to the litigation because there is local interest in having localized controversies decided at home."[18]  It is likely that South African law will apply. The burden on the Court of applying South African law, in a case in which the great majority of evidence is located in South Africa, would be considerable. Finally, New York has no interest in this almost purely South African matter: South Africa is the only community with an interest in this action.

Plaintiffs have shown no reason why this action should be litigated in New York, while Vametco offers compelling arguments why this matter should be litigated in South Africa.  Accordingly, the complaint must be dismissed on grounds of *forum non conveniens*.

## III. CONCLUSION

For the foregoing reasons, Vametco's motion to dismiss all claims against Vametco for lack of personal jurisdiction is granted.  The claims against all other defendants are dismissed on grounds of *forum non conveniens*.  The Clerk of the Court is directed to close this case.

---

[18]    *Id.* at 389.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 7, 2004

- Appearances -

**For Plaintiffs:**

Edward D. Fagan, Esq.
Fagan & Associates
140 Broadway, 46th Floor
New York, New York 10005
(212) 858-7605


**For Defendants Vametco, Strategic Minerals Corporation, and Stratcor, Inc.:**

Marc E. Kasowitz, Esq.
Kasowitz, Benson, Torres & Friedman, L.L.P.
1633 Broadway
New York, New York 10019-6799
(212) 506-1700